**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | | |
|---|---|---|
| **PHILIP MARTELLACCI,** | : | |
| | : | |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | **CIVIL ACTION NO. 08-2541** |
| **THE GUARDIAN LIFE INSURANCE** | : | |
| **COMPANY OF AMERICA,** | : | |
| | : | |
| **Defendant.** | : | |

_____:

<u>**MEMORANDUM OPINION AND ORDER**</u>

**Rufe, J.**                                                           **February 19, 2009**

Before the Court are Defendant's Motion to Dismiss Plaintiff's Complaint, Plaintiff's

Response in Opposition, and Defendant's Reply thereto.  Defendant's Motion to Dismiss asserts

that Plaintiff's Complaint should be dismissed in its entirety, including counts for breach of

contract, bad faith and negligence, negligent misrepresentation, breach of fiduciary duty, fraud,

and intentional infliction of emotional distress, because the causes of action are preempted by the

civil enforcement provision of the Employee Retirement Income Security Act ("ERISA"), 29

U.S.C. § 1132.  Plaintiff, acting _pro se_, argues that the policy in question is established under

ERISA's "safe harbor" exception at 29 U.S.C. § 1002(1) that would allow a state court to hear

the claims contained in the Complaint. However, the Court ruled in its Order dated September

25, 2008 that the policy at issue does not fall within ERISA's safe harbor exception.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Phillip Martellacci ("Plaintiff") originally filed the instant action _pro se_ in the

Pennsylvania Court of Common Pleas seeking benefits under a plan maintained by his employer

Penn Jersey Paper Company for eligible employees, their spouses and children.  Plaintiff claims

that on or about January 1, 2004, he entered into a written contract with Defendant Guardian Life

Insurance Company of America ("Defendant") for short term disability coverage.[1] According to

Plaintiff, he agreed to pay a monthly premium for coverage equal to $500 per week for each

week of any short term disability claim which he submitted to and approved by Defendant.[2]

Plaintiff claims that on April 26, 2007, he completed, signed and returned an "Application for

Benefits" to Defendant. Since May 3, 2007, Plaintiff has demanded benefits due to him under the

short term disability policy, but Defendant has refused to pay.[3]  Additionally, Plaintiff alleges that

he is owed $4,998 because Defendant's failure to pay the benefits he was owed required him to

withdraw money from his personal assets.[4] Proceeding under state law, Plaintiff asserts claims

for Breach of Contract (Count I), Bad Faith/Negligence (Count II), Negligent Misrepresentation

(Count III), Breach of Fiduciary Duty (Count IV), Fraud (Count V), and Intentional Infliction of

Emotional Distress (Count VI).

On May 30, 2008, Defendant filed a Notice of Removal in the Eastern District of

Pennsylvania on the basis of federal subject matter jurisdiction over all actions relating to

employee benefit plans as provided by ERISA 29 U.S.C. § 1144.[5]  Plaintiff filed a Motion to

Remand arguing that the benefits plan in question falls within ERISA's "safe harbor" exception

---

[1] Compl. ¶ 10.

[2] Compl. ¶ 10.

[3] Compl. ¶ 11-12.

[4] Compl. ¶ 18.

[5] See Doc. No. 1.

that would allow state courts to hear the claims.[6] In an Order dated September 26, 2008, the Court denied the Motion to Remand finding that Plaintiff's claims failed to meet the four factors needed to qualify for the "safe harbor" exception as listed in 29 C.F.R. § 2510.3-l(j).[7]

The Court now considers Defendant's Motion to Dismiss.  The matter has been briefed by both parties, Defendants providing their arguments via written brief,[8] while Petitioner presented his arguments via affidavit,[9] and the matter is now ready for disposition.

## II.    LEGAL STANDARD

### A.    Legal Standard for Rule 12(b)(6) Motion to Dismiss

When considering a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff.[10]  The United States Supreme Court has recently clarified this standard of review, explaining that "[a] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do" without the allegation of sufficient facts in support.[11]  In order to survive a motion to dismiss, a plaintiff must allege facts that "raise a right to relief above the speculative level, on the

---

[6] See 29 U.S.C. § 1002(1).

[7] See Order that Plaintiff's Motion to Remand is Denied [Doc. No. 18].

[8] See Defendant's Motion to Dismiss [Doc No. 3]; Defendant's Reply [Doc. No. 8].

[9] See Doc. No. 6.

[10] Rocks v. City of Philadelphia, 868 F.2d 644, 645 (3d Cir. 1989).

[11] Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

assumption that all the allegations in the complaint are true (even if doubtful in fact)."[12]   A court may grant a 12(b)(6) motion only "if it appears to a certainty that no relief could be granted under any set of facts which could be proved."[13]

## III.     DISCUSSION

Defendant argues that Plaintiff's Complaint should be dismissed on the grounds that the causes of action it asserts are preempted by ERISA 29 U.S.C. § 1144(a) which states that ERISA "shall supercede any and all State laws insofar as they may now or hereafter relate to an employee benefit plan."[14] The Court notes that it rejected Plaintiff's argument that each of his claims fall within ERISA's "safe harbor." Therefore the policy in question falls within the definition of an "employee benefit plan" under ERISA.[15]   Defendant argues that because each of Plaintiff's causes of action "relate" to an ERISA governed plan, they are preempted by the federal statute. Defendant argues that Counts I and II for breach of contract and bad faith are claims the Third Circuit has expressly ruled are preempted by ERISA and that Counts III-VI should be dismissed under the theory of conflict preemption because Plaintiff asks for damages outside ERISA's remedial scheme.

### A. Preemption under ERISA

---

[12] Id.

[13] D.P. Enterprises Inc. v. Bucks County Cmty. Coll., 725 F.2d 943, 944 (3d Cir. 1984).

[14] 29 U.S.C. § 1002(1).

[15] See Doc. No. 18. [The Court analyzed the policy in question under the standard set forth in Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982) and adopted by the Third Circuit.  See e.g. Henglein v. Informal Plan for Plant Shutdown Benefits for Salaried Employees, 974 F.2d 391, 399 (3d Cir. 1992).  The Court held that the policy was found to meet the definition of a "welfare benefit plan," under ERISA.]

ERISA provides access to the federal courts via its civil enforcement scheme.[16] A participant or beneficiary of an "employee benefit plan" may bring a civil action "to recover benefits due to him under the plan, or to clarify his rights under the plan."[17]  The civil enforcement scheme explicitly supercedes "any and all state laws insofar as they may now or hereafter *relate to* any employee benefit plan described."[18]

Both the Supreme Court and the Third Circuit have acknowledged that Congress intentionally gave ERISA broad preemptive force with respect to state law.  The Courts have used terms such as "broad scope," "deliberately expansive," "expansive sweep," and "broadly worded" to describe the preemption clause.  The Supreme Court has stated "the bill that became ERISA originally contained a limited preemption clause, applicable only to state laws relating to the specific subjects covered by ERISA.  The Conference Committee rejected those provisions in favor of the present language, and indicated that section's preemptive scope was as broad as its language."[19] If "a state law acts immediately and exclusively upon ERISA plans, or where the existence of ERISA plan is essential to the law's operation that 'reference' will result in preemption."[20]

Each of Plaintiff's claims allege actions under state law regarding aspects of the policy provided by Defendant and its administration. Therefore, all of the claims in the Complaint

---

[16] See 29 U.S.C. § 1144.

[17] 29 U.S.C. § 1132 (a)(1)(b) (emphasis added).

[18] 29 U.S.C. § 1144.

[19] Pilot Life Ins. Co v. Dedeaux, 481 U.S. 41, 46 (1987) (quoting Shaw v. Delta AirLines, 463 U.S. 85 (1983)).

[20] 29 U.S.C. § 1144; see also Cal. Div. of Labor Stds. Enforcement v. Dillingham Constr., N.A. 519 U.S. 316, 324-325 (1997).

"relate to" the "employee benefit plan" in question and are subject to preemption.

### B.    Breach of Contract, Bad Faith/Negligence, & Intentional Infliction of Emotional Distress (Counts I, II, and VI)

The first two counts listed in Plaintiff's Complaint allege causes of action for breach of contract and bad faith/negligence.[21] The sixth count is for intentional infliction of emotional distress. The Third Circuit has explicitly held that claims for bad faith and for breach of contract, as well as those for intentional infliction of emotional distress are preempted by ERISA and therefore Plaintiff's claims must be dismissed as a matter of law.

Breach of contract claims are explicitly preemtped by ERISA.  "State law breach of contract claims are preempted by ERISA's express preemption clause when the contract breached is considered an employee benefit plan under ERISA."[22] Hence, Count I for breach of contract must be dismissed as preempted by ERISA.

As it is pled, Count II must arise under 42 Pa. C.S. § 8371, which governs state actions against insurance providers for bad faith. "A state statute is preempted by ERISA if it provides 'a form of ultimate relief in a judicial forum that add to the judicial remedies provided by ERISA, or, stated another way, if it duplicates, supplements or supplants the ERISA civil enforcement remedy."[23] 42 Pa. C.S. § 8371 is such a statute because it is a state remedy that allows an ERISA-plan participant to recover punitive damages for bad faith by insurers supplementing the scope of

---

[21] The Court does not comprehend the dual claims of "bad faith" and "negligence" alleged as a single count. Construing the allegation in a favorable light to the *pro se* Plaintiff, the Court interprets his allegation to support a bad faith claim, and will analyze the Motion on that basis.

[22] Gilbertson v. UNUM Life Ins. Co. of Am., 2005 U.S. Dist. LEXIS 12240 *6 (E.D. Pa. June 21, 2005) citing Pane v. RCA Corp., 868 F.3d 631, 635 (3d Cir. 1989).

[23] Barber v. UNUM Life Ins. Co. of Am., 383 F.3d 134, 141 (3d Cir. 2004) (citations omitted).

relief granted by ERISA.  Accordingly, 42 Pa. C.S. § 8371 is subject to conflict preemption."[24]
Count II for bad faith/negligence must fail because, as pled, it is brought under 42 Pa. C.S. §
8371 and will also be dismissed.[25]

Claims for intentional infliction of emotional distress related to ERISA governed plans
have also been found by numerous courts, including the Third Circuit, to be preempted by
ERISA.[26]  Plaintiff alleges that his emotional distress stems from false negotiations and meetings
with his employer and attorney pertaining to the administration of the policy in question;
therefore, the claim relates to the ERISA policy in question and is preempted by the federal
statute.[27]  Accordingly, Count VI will be dismissed.

### C.    ERISA and Conflict Preemption (Counts III-VI)

Each of Plaintiff's asserted causes of action seek some form of monetary damages. Count
III for  Negligent Misrepresentation and Count IV for Breach of Fiduciary Duty each seek
$50,000 as well as "special damages" for $4,998, the amount Plaintiff claims he was forced to
pay out of pocket for expenses incurred while on disability.  Count V for Fraud seeks damages in
the amount of $2,000,000 and Count VI  for Intentional Infliction of Emotional Distress asks for
punitive damages.  The language of ERISA, however, only allows plaintiffs in a civil action "to
recover benefits due to him under the terms of the plan, or to clarify his rights to future benefits

---

[24] Id.

[25] Plaintiff asks for punitive damages, plus interests and costs as well as interest on the benefits he believes
he is entitled to. All such damages are consistent with those allowed by 42 Pa. C.S. § 8371, governs state insurance
claims for bad faith and the Court construes the claim as brought under it.

[26] See Pane v. RCA Corp., 868 F.3d 631, 635 (3d Cir. 1989).

[27] Compl. ¶ 51.

under the terms of the plan . . . ."[28] The Supreme Court and Third Circuit have consistently stated that ERISA has no provision for extra or punitive damages, therefore when a plaintiff seeks damages outside the scope of ERISA it  gives rise to a second type of preemption often referred to as "conflict preemption."[29]

"Conflict preemption refers to any state cause of action that provides an alternative remedy to those provided by the civil enforcement mechanism in ERISA because such a cause of action conflicts with Congress' clear intent to make the ERISA mechanism exclusive."[30]  The Supreme Court discussed at length in  Pilot Life Insurance Company v.Dedeaux that it would frustrate Congress' intent in enacting ERISA if plaintiffs were allowed to seek benefits outside the statutory remedial scheme. "The deliberate care with which ERISA's civil enforcement remedies were drafted and the balancing of policies embodied in its choice of remedies strongly argue for the conclusion that ERISA's civil enforcement remedies were intended to be exclusive."[31] Each of the remaining state causes of action alleged in the Complaint, all of which relate to the employee benefits plan at issue, ask for an "alternative remedy" to ERISA's enforcement scheme in the form of monetary damages.

Count III is a claim for common law negligent misrepresentation.  Plaintiff alleges that Defendant fraudulently represented to him that the policy in question was a private insurance

---

[28] 29 U.S.C. § 1132(a)(1)(B).

[29] See Pilot Life Ins. Co. at 54 (1987); Aetna Health Inc. V. Davila, 542 U.S. 200 (2004); Barber, 383 F.3d at 138 (3d Cir. 2004).

[30] Barber 383 F.3d at 141. Citing Pilot Life Ins. Co. at 54 (1987).

[31] Pilot Life Ins. Co. v. Dedeaux 481 U.S. 41, 54 (1987).

contract outside the scope of union negotiation.[32] Such a claim clearly relates to the specifics of the plan and for that claim Plaintiff seeks damages in excess of $50,000, which is outside ERISA's remedial scheme.[33] Hence, Count III is preempted and will be dismissed.[34]

Count IV alleges Breach of Fiduciary Duty based on the allegations that Defendant allowed a broker to handle premium payments, violating Pennsylvania's broker laws[35] and asks for damages in excess of $50,000 plus attorneys fees.[36] That claim also relates to the specifics of the policy at issue and asks for action beyond the remedial scheme of ERISA. Therefore, it, too, is preempted.

Count V claims fraud and bad faith alleging that Defendant changed the benefit amount of the policy at issue days after Plaintiff submitted a disability claim thereby showing that Defendant had no intent of honoring the policy Plaintiff entered into.[37] Moreover, Plaintiff seeks $2,000,000 in punitive damages based on such allegations.[38] Such a claim relates to the ERISA governed policy and asks for damages outside what is allowed by the statute. Therefore it, too, is preempted by the federal statute.

As Counts III-V are subject to conflict preemption, they will be dismissed for failure to

---

[32] Compl. ¶ 35.

[33] Compl. ¶ 37.

[34] See e.g. Beye v. Horizon Blue Cross Blue Shield, 568 F.Supp.2d 556, 570 (D.N.J. 2008). Holding that claims for intentional infliction of emotion distress are preempted by ERISA.

[35] Compl. ¶ 41.

[36] Compl. ¶ 43. The Court notes that Plaintiff is acting *pro se*, and therefore not eligible for attorneys fees.

[37] Compl. ¶ 48.

[38] Compl,. ¶ 49.

state a claim upon which relief can be granted.

### C.    Conclusion

Each of Plaintiff's claims is preempted by ERISA and must be dismissed as a matter of law. Counts I, II and VI are dismissed as explicitly preempted by ERISA in accordance with binding Third Circuit and Supreme Court precedent. Count III through V are dismissed upon conflict preemption, as ERISA's remedial scheme is exclusive and does not allow for the additional or punitive damages Plaintiff seeks. Thus the Complaint fails to state a claim upon which relief can be granted. Plaintiff may, of course, elect to refile his claim pursuant to the appropriate statutory basis as discussed herein, and he is granted leave to do so.[39]

An appropriate Order follows.

---

[39] See Grayson v. Mayview State Hosp., 293 F.3d 103, 108-109 (3d Cir. 2002).

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____

| | |
|---|---|
| **PHILIP MARTELLACCI,** | : |
| | : |
| **Plaintiff,** | : |
| **v.** | : |
| | :   **CIVIL ACTION NO. 08-2541** |
| **THE GUARDIAN LIFE INSURANCE** | : |
| **COMPANY OF AMERICA,** | : |
| | : |
| **Defendant.** | : |

_____:

**ORDER**

**AND NOW**, this 19th day of February 2009, upon consideration of Defendant's Motion

to Dismiss [Doc. No. 3], Plaintiff's Response [Doc. No. 6], and Defendant's Reply thereto [Doc.

No 8] it is hereby

**ORDERED** that Defendant's Motion is **GRANTED**.  Accordingly, Plaintiff's

Complaint is **DISMISSED** as preempted by the Employee Retirement Income Security Act

(ERISA). The Clerk of Court is **DIRECTED** to **CLOSE** this case for statistical purposes.


                                        **BY THE COURT:**

                                        **s/Cynthia M. Rufe**
                                        _____
                                        **CYNTHIA M. RUFE, J.**